David Gary Gladden
P.O. Box 877109
Wasilla, Alaska 99687
907-843-1658

**RECEIVED**

MAR **0 3** 2017

**CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.**

## "District Court of the United States"
### District of Alaska

| | |
|---|---|
| **David Gary Gladden,** *in propria persona* | ) |
| *Plaintiff* | ) |
| | ) |
| *versus,* | ) |
| | ) |
| **Michael Berry, in his Individual and Official** | ) |
| **Capacity with FAA; and,** | ) |
| **David M. O'Brien, in his Individual and Official** | ) |
| **Capacity with the FAA: and,** | ) Case No. 3:17-cv-00043-TMB |
| **Federal Aviation Administration ("FAA"); and,** | ) |
| **John Does 1-10,** | ) |
| *Defendants.* | ) |

### Complaint

Comes now **David Glary Gladden**, *in propria persona*, ("Gladden") with this Complaint

against **Michael Berry, in his Individual and Official Capacity**; and, **David M. O'Brien, in**

**his Individual and Official Capacity; and, the Federal Aviation Administration ("FAA");**

**and, John Does 1-10.**

### I. Jurisdiction

1. Jurisdiction for the "District Court of the United States" arises under 28 U.S.C. 1331—

Federal Question "under the Constitution, laws [of the United States] . . . of the United States;

and,

2. Jurisdiction under 42 U.S.C. § 1983—Civil action for "deprivation of any rights,

privileges, or immunities secured by the Constitution and laws" under "color of law" of persons

for damages both actual, pecuniary and other; and,

Complaint          Page 1 of 4

3. Jurisdiction under Statues of the United States codified in 49 U.S.C. 106(g), 49 U.S.C. § 44701-44703, 49 U.S.C. § 44707, 49 U.S.C. § 44709-44711, 49 U.S.C. § 45102-45103 and 49 U.S.C. § 45301-45303 was the **authority for 14 CFR § 67.207—Mental**; and,

4. Jurisdiction under the Federal Register Final Rules of 71 FR 35764 (June 21, 2006) and 61 FR 11256 (March 19, 1996) for **14 CFR § 67.207—Mental; and,**

5. Jurisdiction under 5 U.S.C. 701-706; and,

6. Jurisdiction under 28 U.S.C. § 1332—Diversity of Citizenship as **Gladden** is a "citizen of Alaska" domiciled in Alaska, being one of the several States with the privileges and immunities of the citizens of the several States arising under the Constitution of the United States; and, as **Michael Berry** is a "citizen of the United States" and has domiciliary of a "state of the United States" or may not be citizen of any state; and, as **David M. O'Brien** is a "citizen of the United States" and has a domiciliary of a "state of the United States" or may not be citizen of any state.

## II. Parties.

**David Gary Gladden** is a "citizen of Alaska" domiciled in Alaska, being one of the several States.

**Michael Berry** is a "citizen of the United States;" and, has a domiciliary in a "state of the United States;" or, may not be a citizen of any state.

**David M. O'Brien** is a "citizen of the United States;" and, has a domiciliary in a "state of the United States;" or, may not be a citizen of any state.

**Federal Aviation Administration ("FAA")** is a Federal Agency of the "Government of the United States" arising under the Constitution of the United States.

**John Does 1-10.**

## III. General Factual Information

Complaint                                    Page 2 of 4

Gladden has made application for Airman Medical Certificate Second Class under 14 CFR 67.207as has been denied this twice.

Gladden has an excellent history of flying for thirty-five years and about excess of 14,000 flight hours with no problems.

Gladden has been denied Airman Medical Certificate Second Class under the alledged authority of 14 CFR § 67.207(a)(1)—"A personality disorder that is severe enough to have repeatedly manifested itself by overt acts."

No one will define the specific meaning of 14 CFR § 67.207(a)(1)—"A personality disorder that is severe enough to have repeatedly manifested itself by overt acts."

## IV. Causes of Action

### A. First Cause of Action

Gladden repleads facts and allegation contain in Articles I though III and alleges that the Defendants have denied Gladden an Airman Medical Certificate Second Class under 14 CFR § 67.207(a)(1)—"A personality disorder that is severe enough to have repeatedly manifested itself by overt acts."

### B. Second Cause of Action.

Gladden repleads all facts and allegations in the First Cause of Action and alleges that the Defendants have refused to define the meaning of 14 CFR § 67.207(a)(1)—"A personality disorder that is severe enough to have repeatedly manifested itself by overt acts."

## V. REMEDY

**WHEREFORE,** Gladden seeks and prays for judgment and damages as follows:

A)      Actual damages in the amount of three hundred thousand ($300,000); and,

B)      General damages in the amount to be determined later; and,

C)      Compensatory Damages in the amount to be determined later; and,

D)      Special Damages in the form of filing fees, mailing, and process fees; and,

E)     Punitive Damages in the sum of **six million ($6,000,000)** dollars and to be adjusted by jury of my peers for the intentional, willful, wanton and malicious actions of the Defendants or if a Bench Trial by the Trial Judge; and,

F)     All other just relief as the Court may deem appropriate.

My Hand,

*David Gary Gladden*

Complaint                  Page 4 of 4